IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYLIR CLARK, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-587-RGA |
| JOHNSON & JOHNSON, et al., | : |
| Defendants. | : |

Tylir Clark, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 30, 2019
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Tylir Clark, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff also requests counsel. (D.I. 6).

## BACKGROUND

Plaintiff alleges from 2013 through 2015 (he is unsure of the exact dates) while housed at the Ferris School for Boys and due to the administration of Risperdal, Plaintiff was "exposed to the risk of gynecomastia." (D.I. 1 at 5). He seeks $2.5 million because of the "risk of Risperdal." (*Id.* at 8). He also seeks punitive or exemplary damages. (*Id.* at 6).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at .

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

2

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff alleges that due to the use of Risperdal from 2013 through 2015, he was exposed to the risk of gynecomastia. Federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *See, e.g., U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388–89 (3d Cir. 2002). Plaintiff filed this matter using a civil rights complaint form pursuant to 42 U.S.C. § 1983. He alleges negligence, negligent misrepresentation, breach of warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, breach of express warranty, and fraud by concealment. All are claims that arise under state law.

Liberally construing the Complaint as the Court must, the Complaint presents no basis for federal question jurisdiction. *See* 28 U.S.C. § 1331. While the Complaint invokes 42 U.S.C. § 1983, the allegations do not speak to constitutional violations.

3

Rather, they speak to state tort claims and suggest Plaintiff may have claims under state law.

Nor does jurisdiction vest by reason of diversity of citizenship. Under § 1332, district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a). To the extent Plaintiff attempts to raise state law claims, the Court lacks jurisdiction given that complete diversity is not apparent from the pleadings. *See Mierzwa v. Safe & Secure Self Storage, LLC*, 493 F. App'x. 273, 276 (3d Cir. 2012).

The Court is mindful that Plaintiff appears *pro se* and, therefore, his Complaint is held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). Regardless, the Court discerns no basis for asserting jurisdiction over this action. The Complaint contains no federal question and there are no allegations of diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332. Thus, the Court has no jurisdiction over the matter. However, because it is possible that Plaintiff may be able to amend to cure the jurisdictional issue, he will be given leave to amend.

While it seems apparent that some or all of the state law claims are time-barred, I do not address statute of limitations issues inasmuch as I am dismissing the case for lack of subject matter jurisdiction

Further, I note that that the Complaint does not allege actual injury. Rather, Plaintiff alleges that he was exposed to the "risk" of gynecomastia. Again, in view of the dismissal for lack of jurisdiction, I do not offer any opinion whether there can be a claim without an injury.

## REQUEST FOR COUNSEL

Plaintiff requests counsel on the grounds that he does not have the ability to present his own case, he is unskilled in the law, the issues are complex, the case may turn on credibility determination, expert witnesses will be necessary, he cannot attain and afford counsel on his own behalf, and counsel would serve the best interest of justice. (D.I. 6).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony.

---

[2]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

5

*See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Plaintiff's request is, at best, premature. It is not clear that the Court has jurisdiction or that Plaintiff has suffered any harm. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew. Should the case continue, and the need for counsel arise later, one can be sought at that time.

## CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's request for counsel (D.I. 6); and (2) dismiss the Complaint for want of jurisdiction. Plaintiff will be given leave to amend.

An appropriate order will be entered.